UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**FRANK DRUMMOND,**

    Petitioner,

v.                                      CASE NO.   3:05-cv-305-J-25HTS
                                                                          3:00-cr-69-J-25HTS

**UNITED STATES OF AMERICA,**

    Respondent.

---

## ORDER

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1). Upon review, the Court finds that Petitioner's § 2255 motion is untimely, and is due to be dismissed.

### I. BACKGROUND

On September 26, 2000, Petitioner was sentenced to a term of imprisonment of 188 months as to Count One of the Indictment charging him with conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, to be followed by five (5) years supervised release. Petitioner took a timely appeal and on November 29, 2001, the Eleventh Circuit Court of Appeals affirmed the disposition of Petitioner's case. *United States v. Drummond*, 29 Fed.Appx.572 (11th Cir. 2001)(Table). On April 8, 2005, Petitioner filed the instant § 2255 motion seeking relief on the following grounds: (1) unlawful sentence; (2) violation of due process clause; and (3) misapplication of career offender (U.S.S.G. § 4B1.1).

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a mandatory, one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court; or
>
> (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (1) - (4). Here, the finality of Petitioner's conviction is the only applicable date of the four statutory dates set forth above. The Court finds that Petitioner's conviction became final after expiration of the 90-day period to seek certiorari from the United States Supreme Court, February 28, 2002. Accordingly, for purposes of the AEDPA's one year limitation period, Petitioner had until February 28, 2003, to file his § 2255 motion. Again, the instant motion was filed April 8, 2005, and is clearly time-barred.

## III. CONCLUSION

Upon consideration of the foregoing, it is **ORDERED**:

1. That the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **DISMISSED as time-barred.**

    2. The Clerk is directed to enter judgment in Case No 3:05-cv-305-J-25HTS, and to close the file.

**DONE AND ORDERED** this 25 day of April, 2005.

                                              **HENRY LEE ADAMS, JR.**
                                              United States District Judge

Copies to:
Petitioner
U.S. Attorney's Office